**Vincent D. Commisa, Esq.  (VC-1594)**
20 Manger Road
West Orange, New Jersey 07052
(973) 821-7722
Attorney for Plaintiffs, John and Jean D'Urso

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No.  12-29086 |
| James Micali and Annmarie Micali | Chapter 7 |
| Debtors. | |
| John D'Urso and Jean D'Urso, | Adv. Pro. No. 12-01873 |
| Plaintiffs, | |
| v. | Hearing Date: 20 March 2018 @ 10:00 a.m. |
| James Micali and Annmarie Micali, | |
| Defendants. | |

**CERTIFICATION OF COUNSEL IN SUPPORT OF NOTICE OF MOTION SEEKING AN ORDER HOLDING THE DEBTORS/DEFENDANTS IN CONTEMPT FOR FAILURE TO COMPLY WITH THE  PRIOR COURT ORDER, SEEKING SANCTION AGAINST THEM FOR NON-COMPLIANCE OF THE PRIOR COURT ORDER AND FOR SUCH OTHER RELIEF**

I, Vincent D. Commisa, of full age, hereby certify and say:

1. I am an attorney at law of the State of New Jersey and I represent the plaintiffs, John D'Urso and Jean D'Urso, in the adversary proceeding entitled "D'Urso v. Micali".

2. Previously hereto, I filed a Motion on behalf of the plaintiffs seeking a Court

Order enforcing the Judgment against the debtors/defendants to provide documentation and other relief. The Court entered an Order setting forth various documents which were to be provided to the undersigned within ten (10) days of the issuance of the Order which was entered on 26 January 2018. A copy of which is attached hereto as Exhibit "A."

3. On 26 January 2018, a copy of the Order was sent to the debtors/defendants at their Toms River, New Jersey, address. I am sure that this is their address since the Motion was mailed to them at this address. Upon receipt of the Motion, Mr. Micali left a message on my answering machine on the Saturday after the document was delivered. Accordingly, I am certain that the Toms River address is a correct address.

4. Attached hereto as Exhibit "B" is a cover letter indicating that the Order was sent via UPS next day air. Attached hereto as Exhibit "C" is the proof of service from UPS indicating delivery on 29 January 2018.

5. Ten (10) days had passed since the debtors/defendants had received the Court Order requiring them to provide a lengthy list of discovery pursuant to the Court Order and the agreement between the parties.

6. However, on Wednesday, 14 February 2018, around 4:00 p.m., a package was delivered via USPS Priority Mail with purportedly the intended discovery. Attached hereto as Exhibit "D" is two spreadsheets showing the missing documentation and the documentation presented in a detailed format. A review of the documents continues to show the cavalier attitude of the Micalis since they have not complied with the Court Order in total and have submitted some bank statements with missing pages and some documents in duplicate form.

7. On Friday, 16 February 2018, a letter was sent to the Micalis regarding the

deficiencies. On Tuesday, 20 February 2018, a courtesy copy of the letter sent to the Micalis was emailed to counsel because the package received was mailed from counsel's office as evidenced by the envelope.

8. The debtors/defendants' conduct herein is exemplary of their cavalier attitude towards agreements and in their lack of compliance with a Court Order memorializing the resolution of the adversary proceeding and the Order herein.

9. Since a Judgment has already been entered against the debtors/defendants, the consequences for their failure to comply with the January 2018 Order are limited at best.

10. Courts have within their disposal various relief for "contempt" one of which is arrest but that remedy usually does not help with compliance.

11. In essence, the relief sought herein is similar to seeking an Order to Enforce Litigant's Rights. The Order entered by this Court is in effect an Order enforcing litigant's rights and the debtors/defendants having failed to comply with said Order.

12. Courts have the right to fashion remedies thereto; however, the plaintiffs have remained patient throughout the years since this matter was resolved. Now in 2018, the results are the same.

13. In fashioning a remedy, I respectfully suggest that this Court enter an Order stating that the debtors/defendants herein, James Micali and Annmarie Micali, have violated plaintiffs' rights as litigants by violating the Court Order entered by this Court on 26 January 2018 and are to be held in contempt.

14. This Court can enter an Order requiring the debtors/defendants to provide the discovery set forth in the 26 January 2018 Order and, if they fail to comply, then a

warrant for the debtors/defendants arrest shall issue from this Court without further notice. However, arrest still does not provide the plaintiffs with documents.

15. The very essence of the settlement of a non-dischargeability proceeding allowed the debtors/defendants to accrue a certain level of income allowing themselves to live a certain lifestyle albeit minimal. If they achieved higher levels of income, then they would be required to make payments based upon the non-dischargeability proceeding. The prior application documents some of the issues in the adversary proceeding which lead to the resolution thereof.

16. The debtors/defendant have received the benefit of a discharge as against all other creditors and have received the benefit of its agreement over the past four years with the plaintiffs to allow them to live a certain lifestyle albeit it in their definition "minimal." That lifestyle requires them to comply with documentation agreed upon between the parties in the resolution of that matter.

17. Arrest may be the appropriate remedy herein especially since the debtors/defendants refuse to comply with Court Orders. However, we respectfully request that the Court enter an Order deeming them to be in violation of a prior Court Order and subject to contempt and sanctions. This Court should grant them a ten (10) day period within which to provide all the documentation.

18. Simultaneously with the relief suggested in the prior paragraph, the plaintiffs seek additional relief by serving the within Order upon Wells Fargo Bank who maintains the checking and savings accounts of the debtors/defendants, the Church that is St. Clement whereupon Mr. Micali is employed as a Deacon and upon the accountant who has prepared the tax returns and has in his possession other documentation used to prepare

the tax returns.  The Order will require that these parties forward the documentation to us since the Micalis continually refuse to provide same.

19.    With this form of relief, the Court is allowing the debtors/defendants an opportunity to comply.  If they are again delinquent, then the plaintiffs have the option of serving the Court Order upon the relevant parties wherein they will provide the documentation as a result of the debtors/defendants' non-compliance.

20.    The plaintiffs will continue to pursue the collection of this documentation especially since the non-compliance raises many issues.  Therefore, the Court should fashion a remedy as against the debtors/defendants which is the only available remedy to this Court to have the debtors/defendants' non-compliance subject to Court sanctions.

21.    Based upon the fact that the Micalis have again refused to comply with another Court Order, the plaintiffs respectfully request that they be awarded legal fees. The Affidavit of Services will be attached in a Supplemental Certification prior to the within Motion.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

/s/ Vincent D. Commisa
Vincent D. Commisa, Esq.

Dated: 22 February 2018